**BRENTWOOD WATER COMPANY,**
**Appellant,**

v.

**CITY OF BRENTWOOD, Appellee.**

Supreme Court of Tennessee.

Feb. 20, 1973.

Berry & Berry, Thomas E. Fox, Franklin, for appellant.

Frank S. King, Jr., of King, Benson & Ballow, Nashville, for appellee.

OPINION

HUMPHREYS, Justice.

Brentwood Water Company's original bill to enjoin the City of Brentwood from enforcing an ordinance which in its opinion unlawfully interfered with the Water Company's rights under its certificate of convenience and necessity from the Public Service Commission, State of Tennessee, was dismissed, and the Water Company has appealed assigning errors.

The Water Company is a privately owned company operating in a physical area which includes the environs of the City of Brentwood. The City of Brentwood is a newly incorporated municipality in the State of Tennessee, operating under a uniform city manager commission charter pursuant to a referendum in accordance with Chapter 18, Title 6, Tennessee Code Annotated, and subject to the provisions of Chapters 19 and 20, Title 6, T.C.A. Pursuant to Chapter 5, Title 13, T.C.A., entitled "Municipal Planning Commissions", a municipal planning commission was created for the City of Brentwood, and this planning commission in turn adopted a set of subdivision regulations as authorized by Chapter 6, Title 13, T.C.A., having as its purpose the orderly development of subdivisions in the Brentwood area. Included in these regulations is the following:

"601.11 Water Supply System

Trunk lines properly connected with the public water supply system or with an alternate supply approved by the city health department shall be constructed in such a manner as to serve adequately, for both domestic use and fire protection, all lots shown on the subdivision plat.

a. Trunk lines of less than six (6) inches in diameter shall not be installed.

b. An adequate system of fire mains shall be provided as part of the development. Every attempt shall be made

to establish a gridiron layout, preferably 'looped', with a minimum of dead-end lines. Fire hydrants shall be so spaced that adequate fire protection to all buildings can be provided; and shall be so located that they will be accessible, protected from traffic hazards, and will not obstruct walks, roadways, or parking facilities.

c. Connections to the water system shall be installed for every lot in a subdivision so that future connections will not require digging up or tunneling under streets or interruption to service to other connections on the system."

After the adoption of these subdivision regulations the City of Brentwood enacted an ordinance, No. 72-7, declaring that any developer required to submit a final plat to the Brentwood Planning Commission, must first have the City of Brentwood's water and sewer department's approval of the subdivision plat, and that the developer build in accordance with the subdivision regulations or standards adopted by the Planning Commission.

The Water Company then filed its original bill alleging that it had no authority to accept the extension of service required by the ordinance, and would not have until it was so authorized by the Public Service Commission. The Water Company alleged that to require it to extend its services as contemplated by the ordinance would amount to a violation of Article 1, § 21 of the Constitution of Tennessee, which provides that no man's particular services shall be demanded or property taken or appropriated, to public use without consent of his representatives or without just compensation being made therefor.

The Water Company also alleged that it had a responsibility to see to it that subdivision developers installed water lines of sufficient size and in such a manner as to insure an adequate, sanitary supply of water but the Water Company also charged that the Planning Commission had recognized this by requiring that the Water Com-

pany approve the installation of water mains in new subdivisions.

The City of Brentwood answered, pointing out that under § 65–408 T.C.A., the Tennessee Public Service Commission had jurisdiction to determine whether the Water Company should be required to comply with the Planning Commission's resolution and the City's implementing ordinance.

The City's answer pointed out that the original bill alleged no facts showing a violation of Article 1, § 21 of the Constitution.

 The Water Company was granted a temporary restraining order, restraining the City from enforcing its ordinance. The City responded by filing its answer and moving for the dissolution of the restraining order. At the hearing on the motion the trial court dissolved the restraining order and dismissed the original bill. The parties were not favored by any statement by the trial court of his reasons for his action and we can only assume that he dismissed the suit because (1) he thought no constitutional issue had been presented, and (2) that any question with respect to the capacity and the responsibility of the Water Company to comply with the ordinance should have been directed to the Tennessee Public Service Commission; and we find ourselves in agreement with this assumed basis of the Chancellor's decree. Since the original bill makes no attack upon Chapter 5, Title 13, T.C.A., entitled "Municipal Planning Commissions", nor upon the planning commission created thereunder for the City of Brentwood, nor upon the subdivision regulations promulgated by the Commission, nor upon the ordinance adopted pursuant thereto, and since its only complaint was that the implementation of the ordinance would require it to attach its lines to the subdivision lines without a con-

tract for the extension of its services and without authority from the Public Service Commission therefor, it is clear, as the City of Brentwood contends, that the Water Company's relief is to be found under § 65–408 T.C.A.,[1] and not by an injunction suit.

It is also clear that since it is the duty of the Public Service Commission to hear and determine the matter on its merits and to make such an order in the premises as would be just and reasonable, (which would include rates and charges of the Water Company), the complaint of unconstitutional taking is groundless.

The Chancellor's decree is affirmed.

DYER, C. J., CHATTIN, and Mc-CANLESS, JJ., and WILSON, S. J., concur.

---

1. "65–408. *Appeal to commission from order or regulation of municipality.*—Any such public utility may appeal to the commission from any order or regulation made by any local, municipal, or county governing body, and said commission is given power and jurisdiction to hear said appeal and to determine the matter in question on the merits and make such order in the premises as may be just and reasonable."